OSCAR BERCIER ET AL. *v.* DANIEL McINNIS.

RECEIPT. *Effect in evidence. Prima facie import.*

The *prima facie* import of a receipt "in full" or "on account," is that expressed by its language, subject to the right of either party to show that it is erroneous; and there is no *prima facie* presumption that a receipt for so much money "for timber purchased" is in full satisfaction of the price.

ERROR to the Circuit Court of Jackson County.

Hon. J. S. HAMM, Judge.

*R. Seal,* for the plaintiffs in error.

The instruction requested should have been given. The receipt, which was for so much money for timber purchased, speaks for itself. It was not for a part, but for all the timber

sold and delivered at the time. The presumption upon the face of the receipt is that it was for a payment in full.

*C. H. Wood*, for the defendant in error.

The instruction assumed that the receipt on its face was in full for all demands, which is not the case, and it was, therefore, properly refused. *Prima facie*, it simply acknowledges the receipt of so much money for timber, without excluding the idea that more was due at the time. It is not a receipt "in full," and the court would have erred in so charging the jury.

CHALMERS, J., delivered the opinion of the court.

The plaintiff sold the defendants a lot of timber, receiving five hundred and eighty-eight dollars and twenty-two cents in payment therefor, or on account thereof, and signed the following receipt: —

"Received, Scranton, Miss., Dec. 28, 1875, from Messrs. Bercier & De Smet five hundred and eighty-eight $\frac{22}{100}$ dollars, for timber purchased.

$588$\frac{22}{100}$                    .                    D. McINNIS."

He subsequently brought this suit and recovered judgment for an alleged balance due him. The testimony as to the amount of the timber and the mode of measurement differed, and the defendants asked the court to charge the jury that the law presumed *prima facie* that the receipt was in full of the price of the timber. This request was properly refused. A receipt *prima facie* imports exactly what it contains, neither more nor less. If it specifies that it is "in full," *prima facie* it is so; and if it states that it is "on account," *prima facie* more remains due, but with the right to either party to show in either case that it is erroneous. So, also, where it simply acknowledges the receipt of so much money, it imports *prima facie* that that amount was paid by the one party and received by the other, and it imports nothing more than this. The receipt in this case rightfully went to the jury for what it was worth, and the court properly refused to instruct them that the law attached any other meaning to it than that which its language conveyed.                    *Affirmed.*